

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER BURRELL,** | ) | |
| | ) | |
| Plaintiffs, | ) | **CIVIL ACTION NO.** |
| | ) | **CV** _____ |
| v. | ) | |
| | ) | |
| **PORTFOLIO RECOVERY** | ) | |
| **ASSOCIATES, LLC, a limited liability** | ) | |
| **Company, and CAPITAL ONE BANK,** | ) | |
| **N.A.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over state law claims and claims arising under the TCPA which are predicated upon the same facts and circumstances that give rise to the federal causes of action pursuant to 28 U.S.C. § 1367. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and out of the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt allegedly owed by Plaintiff.

### PARTIES

3. Plaintiff, Christopher Burrell ("Plaintiff Burrell" or "Burrell"), is a natural person who resides in the City of Birmingham, County of Jefferson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Portfolio Recovery Associates, LLC, ("Portfolio") is a foreign debt collection firm that engages in the business of debt collection.  It is registered with the Alabama Secretary of State and conducts business in and about Alabama.  Defendant's principal place of business is in the State of Virginia and it was incorporated in Delaware.

5.     Defendant Portfolio is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Capital One, National Association, ("Capital One") is a foreign corporation banks/ financial institution that engages in the business of providing financial services and debt collection relating to same.  It is registered with the Alabama Secretary of State and conducts business in and about Alabama.  Defendant's principal place of business is in the State of Virginia.

7.     Defendant Capital One is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.     Defendant Capital One is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4).

## FACTUAL ALLEGATIONS

9.     Plaintiff Burrell established a cell phone account in his name on or about the year 2004.

10.    Based on information and belief, on or about 2010, Defendant Portfolio began harassing collection activities against Plaintiff.

11.    During the initial communication, Defendant Portfolio disclosed there was an outstanding debt for Plaintiff Burrell relating to a Capital One account, demanding to speak with Plaintiff about same.

12.    Plaintiff informed them that there should be no outstanding debt, and to send proof.

13.    Defendant Portfolio, shortly called him back in a few days of the initial call, and Plaintiff then informed Defendant Portfolio to stop calling him on his cell phone.

14.    Plaintiff asserted he did not owe any debt to Defendant.

15.    Plaintiff informed Defendant Portfolio that he never provided that cell phone number or gave consent to be called on same.

2

16. Defendant Capital One has previously filed suit against Plaintiff, and same was dismissed.

17. Defendant Capital One then sued Plaintiff again through Midland Funding LLC, regarding the alleged debt in 2008, with said suit again being dismissed as Midland was unable to provide proper proof of same.

18. Despite both suits being dismissed, Defendant Capital One still pursued collection of this alleged debt, doing so through Defendant Portfolio, who illegally contacted Plaintiff on his cellular phone, work phone, and through other means.

19. Despite Plaintiff's repeated requests for Defendants to stop calling Plaintiff's cell phone and work phone, Defendants continued to harass him with numerous and oppressive debt collection calls and leaving harassing voicemails.

20. Plaintiff never gave either Defendant consent to contact him on that number regarding said debt, and did not provide Defendants with his cell phone number or work phone.

21. Defendants also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone and work phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

22. Plaintiff never gave Defendants permission to call Plaintiff's cell phone or work phone with an autodialer, predictive dialer, or to use pre-recorded calls.

23. Defendants disregarded Plaintiff's multiple requests to cease all calls to Plaintiff's cell phone and work phone.

24. The harassing and repeated phone calls have been made within the applicable statute of limitations period.

**SUMMARY**

25. All of the above-described collection communications made to Plaintiff by Defendants and collection agents of Defendants were made in violation of the FDCPA and TCPA.

26. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this alleged debt was also an invasion of the Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

27. This series of abusive collection calls by Defendants and its agents caused Plaintiff stress and anguish as a result of the oppressive number of calls and continued harassment and threats.

28. Defendants' repeated attempts to collect this alleged debt from Plaintiff and Defendants' refusal to stop violating the law was an invasion of the Plaintiff's privacy and the Plaintiff's right to be left alone.

29. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. § 1692 et seq.

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The acts and omissions of Defendants and its agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiffs.

32. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

33. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

34. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically by harassing Plaintiff, and the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendants.

35. There is no exception or justification for the numerous violations of the TCPA by Defendants as Plaintiff never gave consent to Defendants to use these against Plaintiff's cell phone, office, home, or other lines.

36. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendants in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made "willfully" or "knowingly" that the violations be assessed a statutory damage of $1,500.00 per call.  47 U.S.C. § 227(b)(3).

37. All actions taken by Defendants were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

38. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

39. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

41. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy**. 15 U.S.C. § 1692(a) (emphasis added).

42. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing **obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

43. Defendants and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

44. Defendants and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this alleged debt, thereby invading and intruding upon Plaintiff's right to privacy.

45. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

46. The conduct of Defendants and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant listed herein.

48. All acts of Defendants and agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT IV.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

49. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

51. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

52. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

53. Defendants violated all of the duties Defendants had and such violations were made knowingly, intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

54. It was foreseeable, and Defendants did in fact foresee it, the actions of the Defendants would lead and did lead to the exact type of harm suffered by Plaintiff.

55. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

56. Defendants invaded the privacy of Plaintiff as set forth in Alabama law.

57. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

58. As a result of this conduct, action, and inaction of Defendants, Plaintiff has suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray that judgment be entered against Defendants:

**COUNT I.**
**VIOLATIONS OF THE FDCPA**

- for an award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);
- for an award of statutory damages of $1,000.00 for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- for a permanent injunction to prevent future violations of the FDCPA by Defendants;
- for such other and further relief as may be just and proper.

**COUNT II.**
**VIOLATIONS OF THE TCPA**

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;
- statutory damages of $500.00 to $1,500.00 per call for Plaintiff;
- for a permanent injunction to prevent future violations of the TCPA by Defendants; and
- for such other and further relief as may be just and proper.

**COUNT III.**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

7

- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT IV.
### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT V.
### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/Brian Spellen (ASB-3262-N70S)
Attorney for Plaintiff
The Trinity Law Group, LLC
1933 Richard Arrington Jr., Blvd. S., Suite 123
Birmingham, Alabama 35209
P: (205) 820-9474 / F: (205) 776-2695

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.
Serve defendants via certified mail at the following address:

| PORTFOLIO RECOVERY ASSOCIATES, LLC | CAPITAL ONE, NATIONAL ASSOC. |
|---|---|
| *C/O CSC Lawyers Inc. Svc., Inc.* | *C/O CSC Lawyers Inc. Svc., Inc.* |
| 150 South Perry Street | 150 South Perry Street |
| Montgomery, AL 36104 | Montgomery, AL 36104 |